UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA M. MULLINS,

                Plaintiff,        Civil Action No. 20-13006

v.                                    Arthur J. Tarnow
                                     United States District Judge

COMMISSIONER OF           David R. Grand
SOCIAL SECURITY,             United States Magistrate Judge

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO REMAND (ECF No. 13), AND
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16)**

Plaintiff DeAnna M. Mullins ("Mullins") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). The case was referred to the undersigned on November 11, 2020, pursuant to 28 U.S.C. § 636(b). (ECF No. 3).

Before filing a brief on the merits, Mullins filed a Motion to Remand on August 9, 2021. (ECF No. 13). In response, the Commissioner filed a Motion for Summary Judgment on October 16, 2021 (ECF No. 16), and Mullins filed a reply on October 22, 2021. (ECF No. 17).

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Mullins' Motion to

Remand **(ECF No. 13)**, and the Commissioner's Motion for Summary Judgment **(ECF No. 16)**, be **DENIED**.

## II. REPORT

### A. Background

Mullins filed her application for DIB on October 13, 2014. (ECF No. 9, PageID.101). After her application was denied at the initial level on March 5, 2015 (*Id.*, PageID.109), she timely requested an administrative hearing, which was held on May 4, 2016, before Administrative Law Judge ("ALJ") Lauren G. Burstein. (*Id.*, PageID.62-91). On May 27, 2016, ALJ Burstein issued a written decision finding that Mullins is not disabled under the Act (the "May 2016 Decision"). (*Id.*, PageID.46-57). On May 8, 2017, the Appeals Council denied review. (*Id.*, PageID.30-32). Mullins timely filed for judicial review of the final decision on July 5, 2017, in *Mullins v. Comm'r of Soc. Sec.*, No. 17-12180 (E.D. Mich.) ("*Mullins I*").[1]

In *Mullins I*, on December 12, 2017, Mullins filed a motion for summary judgment before this Court. (*Mullins I* ECF No. 17). The Commissioner filed a motion for summary judgment on February 16, 2018, and Mullins filed a reply on March 12, 2018. (*Mullins I* ECF Nos. 22, 25).

On July 24, 2018, the Court issued a Report and Recommendation ("R&R") in *Mullins I* to deny the Commissioner's motion, grant Mullins' motion, and remand on the grounds that ALJ Burstein's Step Three finding was not supported with a medical opinion.

---

[1] Citations to "*Mullins I* ECF No. __, PageID. __" are all to the CM/ECF docket for *Mullins v. Comm'r of Soc. Sec.*, No. 17-12180 (E.D. Mich.).

(*Mullins I* ECF No. 26, PageID.786-89, 796). The Court further noted that, though Mullins' "other arguments, standing alone, do not provide grounds for remand . . . the Court allows that upon remand, the ALJ may revisit the RFC, credibility determination, or Step Five job findings based on the findings of the medical expert appointed to ma[k]e a finding on the issue of equivalency." (*Id.*, PageID.790). Neither party filed objections to the R&R.

On August 22, 2018, the Honorable Arthur J. Tarnow adopted the Court's R&R and entered judgment in favor of Mullins. (*Mullins I* ECF Nos. 26, 27); *Mullins v. Comm'r of Soc. Sec.*, No. 17-12180, 2018 WL 4005772 (E.D. Mich. Aug. 22, 2018).

Upon remand to the Social Security Administration ("SSA") for further administrative proceedings, on March 16, 2019, the Appeals Council "vacate[d] the final decision of the Commissioner of Social Security and remand[ed] this case to an Administrative Law Judge for further proceedings consistent with the order of the court." (ECF No. 9, PageID.758-60). On February 20, 2020, ALJ Burstein again held an administrative hearing on Mullins' claim. (*Id.*, PageID.692-705). On August 26, 2020, ALJ Burstein issued a written decision finding that Mullins is not disabled under the Act (the "August 2020 Decision"). (*Id.*, PageID.665-77). Mullins did not request review of the ALJ's decision, which ultimately became the Commissioner's final decision, pursuant to 20 C.F.R § 404.984(c), (d).

On November 9, 2020, Mullins filed this instant action for judicial review of ALJ Burstein's August 2020 Decision. (ECF No. 1). On August 9, 2021, Mullins filed two motions: (1) the instant Motion to Remand, arguing that remand for a *de novo*

3

administrative proceeding before a new ALJ is required based on a violation of the United States Constitution's Appointments Clause, pursuant to the Supreme Court's decisions in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), and *Carr v. Saul*, 141 S. Ct. 1352 (2021); and (2) a motion to stay briefing on the merits pending resolution of the "outcome determinative *Carr/Lucia* question." (ECF Nos. 13, 14). On October 4, 2021, the Court granted the Commissioner's motion for an extension of time to respond to Mullins' Motion to Remand, and granted Mullins' motion to stay the merits briefing as "unopposed." (Dkt. entry 10/04/2021).

On October 6, 2021, the Commissioner filed a Motion for Summary Judgment in response to Mullins' Motion to Remand. (ECF No. 16). Mullins filed her reply on October 22, 2021. (ECF No. 17).

### B.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The Court reviews legal questions *de novo*. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2007).

### C.    Analysis

In her motion, Mullins argues that "[r]emand for a new hearing before a properly appointed [ALJ] is necessary pursuant to *Lucia* [] and *Carr*." (ECF No. 13, PageID.1307-08). By way of background, in *Lucia,* the U.S. Supreme Court held that the appointment of SEC ALJs by lower-level staff (rather than the head of the agency) violated the United States Constitution's Appointments Clause. *See Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018). As to the appropriate form of relief for such a violation, the Supreme Court

4

explained:

> So what relief follows? This Court has also held that the appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official. And we add today one thing more. That official cannot be Judge Elliot, even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

*Id.* (citations and quotations omitted).

Following *Lucia*, petitioners began challenging the denial of their applications for social security benefits on the theory that their applications had been denied by improperly appointed SSA ALJs, who had also been selected by lower-level staff. On July 16, 2018, a few weeks after *Lucia*, the SSA's Acting Commissioner preemptively "address[ed] any Appointments Clause questions involving Social Security claims" by "ratif[ying] the appointments" of all SSA ALJs and "approv[ing] those appointments as her own." 84 Fed. Reg. 9583 (2019); *see Carr*, 141 S. Ct. at 1357. However, many petitioners had failed to raise their Appointments Clause claims in their administrative proceedings before filing appeals in federal court, and circuit courts were split on whether petitioners could obtain judicial review of such claims without first raising them in administrative proceedings. The Supreme Court resolved this issue in *Carr*, holding that a petitioner is not required to exhaust an Appointments Clause claim during his SSA administrative proceedings to preserve such a claim for judicial review in federal court. *Carr*, 141 S. Ct. at 1356.

Relying on *Lucia*, Mullins argues that "ALJ Burstein was not properly appointed

5

when she held the first hearing in this matter" in May 2016, so "the case should have been reassigned upon remand" from *Mullins I*. (ECF No. 13, PageID.1310). However, because "ALJ Burstein continued to adjudicate this matter [on remand], in error," Mullins asserts that "the constitutional error from commencing proceedings and adjudication [in May 2016] before ALJ Burstein was properly appointed carried over into subsequent proceedings and requires remand." (*Id.*). She also contends that, under *Carr*, she "did not forfeit this issue by not raising it during [the SSA administrative proceedings]." (*Id.*, PageID.1311).[2]

In response, the Commissioner asserts that "[t]here are two large problems with plaintiff's argument." (ECF No. 16, PageID.1323). First, the Commissioner contends that, "while *Carr* excused claimants from raising Appointments Clause challenges administratively, . . . [t]he time to challenge the constitutionality of the ALJ's [May 2016 Decision] was when plaintiff challenged that decision during the first federal court proceeding," and that Mullins' "failure to do so means the issue is waived and barred by the doctrine of res judicata." (*Id.*). Second, the Commissioner argues that "the [May 2016 Decision] is simply not before this Court," and "the only ALJ decision under review here is the [August 2020 Decision], which was issued by a properly appointed ALJ." (*Id.*,

---

[2] Mullins also raises an argument that "[e]ven though remand is merited pursuant to *Lucia* and *Carr*, this Court's prior holding remains applicable," and that on remand, "AR 98-4(6) is inapplicable." (ECF No. 13, PageID.1311-13). Because the Court is recommending the denial of Mullins' motion to remand, it need not address this argument.

6

PageID.1324).[3]

Some preliminary issues warrant clarification before addressing the merits of Mullins' claim. First, neither party disputes that there was an Appointments Clause violation when ALJ Burstein first heard Mullins' DIB claim and issued the May 2016 Decision before she was properly appointed in July 2018. *See* 84 Fed. Reg. 9583 (2019). It is also undisputed that ALJ Burstein was properly appointed before she presided over the second administrative proceedings upon remand from *Mullins I* and issued the August 2020 Decision. *See id.* Thus, the dispute in this case arises from Mullins' position that, under *Lucia*, "the appropriate remedy for an adjudication tainted with an appointments violation [should have been] a new hearing before a properly appointed official," and "***[t]hat official cannot be [ALJ Burstein], even if [s]he has by now received [] a constitutional appointment***." *See Lucia*, 138 S. Ct. at 2055 (emphasis added).

Given the above premise, the Commissioner's argument attempting to distinguish between judicial review of the May 2016 Decision and the August 2020 Decision reflects a misunderstanding of Mullins' claim in this case. Mullins is ***not challenging the May 2016 Decision*** based on an Appointments Clause violation. Instead, she is ***challenging***

---

[3] The Commissioner's motion for summary judgment argues that the Court "should affirm the ALJ's decision and dismiss the case after rejecting plaintiff['s] Appointments Clause argument – it should not give her a second bite at the apple by permitting her to file another motion for summary judgment." (ECF No. 16, PageID.1330). The Commissioner further contends that, if "inclined to allow plaintiff to file another motion for summary judgment, her current motion to remand should count towards the Court's twenty-five-page limit." (*Id.*). Because the Court already granted Mullins' motion to stay merits briefing as unopposed (Dkt. entry 10/04/2021), and recently determined that it was appropriate to proceed with merits briefing and issued a scheduling order (Dkt. entry 11/22/2021), these arguments are denied. Accordingly, the Commissioner's motion for summary judgment should be denied.

7

***the August 2020 Decision*** under the theory that she was not provided with the "appropriate remedy" upon remand from *Mullins I*, as required by *Lucia*, and that she did not need to first raise this "appropriate remedy" claim during her 2020 administrative proceedings on remand to preserve it for review before this Court, pursuant to *Carr*. (*See* ECF No. 13, PageID.1310-11 ("the supplemental hearing and decision issued post-appointment [in 2020] did not cure the constitutional error because the initial hearing [in May 2016] was held by the same ALJ in the same matter before she was properly appointed.")). Moreover, Mullins' first opportunity to raise this ***"appropriate remedy" claim*** in federal court was in her opening brief (*i.e.*, her Motion to Remand) on judicial review of the final administrative decision upon remand from *Mullins I* (*i.e.*, the August 2020 Decision). Thus, the Commissioner's argument – that unlike *Lucia,* the "final decision under review here was rendered by a properly-appointed ALJ," and that unlike *Carr*, "plaintiff improperly attempts to raise an Appointments Clause challenge to a decision that has been vacated and that is not subject to review in this proceeding" – simply misses the mark. (ECF No. 16, PageID.1325-26).

Rather, the salient question here is ***whether Mullins has a legitimate basis for raising her "appropriate remedy" claim where she failed to raise in federal court any Appointments Clause challenge to the May 2016 administrative proceedings during Mullins I***. That is the critical issue in this case because a waiver of the underlying Appointments Clause violation during her first administrative proceedings in 2016 would render baseless any subsequent claim that she did not receive the "appropriate remedy" required by *Lucia* during her second administrative proceedings on remand in 2020, given

8

that ***she would have waived her claim to the constitutional error that needed to be remedied in the first place***. As discussed below, because Mullins does not dispute that she failed to raise an Appointments Clause claim during her federal action in *Mullins I*, she waived her right to challenge ALJ Burstein's continued assignment to her case, after she was properly appointed.

The law is clear that "Appointments Clause challenges are 'not jurisdictional and thus are subject to ordinary principles of waiver and forfeiture.'" *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) (quoting *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 678 (6th Cir. 2018)); *see also Joseph Forrester Trucking v. Dir., Off. of Workers' Comp. Programs*, 987 F.3d 581, 586 (6th Cir. 2021) ("Although an alleged Appointments Clause violation presents a structural challenge arising under the Constitution, the issue is neither jurisdictional, nor afforded special entitlement to review . . . . As a result, parties must press the argument at the proper stages as a prerequisite to obtaining subsequent review on that basis.") (citations omitted). Indeed, the Sixth Circuit has specifically applied such ordinary principles of waiver and forfeiture to Appointments Clause challenges.

For example, in *Island Creek Coal Co.*, the Sixth Circuit held that a petitioner seeking to overturn an award of benefits under the Black Lung Benefits Act had "forfeited its Appointments Clause challenge" to the ALJ's decision where petitioner raised the issue for the first time "in its reply brief," which was "one brief too late." 910 F.3d at 256. The Sixth Circuit further explained that an Appointments Clause claim could have and should have been raised before *Lucia* was decided, reasoning as follows:

> [Petitioner] cannot hold the line on the ground that its Appointments Clause challenge lacked merit until the Supreme Court decided *Lucia* []. No precedent prevented the company from bringing the constitutional claim before then. *Lucia* itself noted that existing case law "says everything necessary to decide this case." The Tenth Circuit, before *Lucia*, held [in December 27, 2016] that administrative law judges were inferior officers. And many other litigants pressed the issue before *Lucia*. All in all, [petitioner] forfeited this Appointments Clause challenge [by raising it for the first time in its reply brief], and we see no reasoned basis for forgiving the forfeiture.

*Island Creek Coal Co.*, 910 F.3d at 257 (citations omitted) (listing examples of several federal cases involving Appointments Clause challenges before *Lucia* was decided).

District courts have also applied these same principles to Appointments Clause claims against SSA ALJs. Recently, in *Johnson v. Comm'r of Soc. Sec.*, the Honorable Mark A. Goldsmith found that a plaintiff "waived his Appointments Clause challenge by failing to raise it first before the magistrate judge," and instead raised it for the first time in his objections to the R&R. No. 20-11347, 2021 WL 3207055, at *2 (E.D. Mich. July 29, 2021). Judge Goldsmith further explained why *Carr* had no bearing on the plaintiff's waiver of such claim in federal court:

> Significantly, *Carr* does not alter the longstanding rule that issues not presented to the magistrate judge are deemed waived. Rather, as discussed above, *Carr* held that a petitioner does not waive an Appointments Clause challenge by failing to raise it in his administrative proceedings. *Carr*'s holding does not excuse a petitioner from raising such a challenge before a federal magistrate judge where one is assigned to the case.

*Id.*

Applying the above caselaw to this case, Mullins clearly waived any Appointments Clause challenge to ALJ Burstein's hearing and decision during the first administrative

proceedings in 2016 because Mullins failed to raise such claim ***at any point in this federal court***, let alone in her opening brief, during *Mullins I*. The record is undisputed that, by the time Mullins filed for judicial review of the May 2016 Decision on July 5, 2017, and well before she filed her motion for summary judgment in *Mullins I* on December 12, 2017, litigants had been raising Appointments Clause claims in federal court for over a year. (*Mullins I* ECF Nos. 1, 17); *see Island Creek Coal Co.*, 910 F.3d at 257 (listing, among other examples, federal court of appeals cases in *Tilton v. SEC*, 824 F.3d 276 (2d. Cir. 2016) (decided on June 1, 2016), and *Bennett v. SEC*, 844 F.3d 174 (4th Cir. 2016) (decided on December 16, 2016)). The U.S. Supreme Court also granted *certiorari* in *Lucia* on January 12, 2018, which was two months ***before*** she filed her reply brief in *Mullins I* on March 12, 2018. (*Mullins I* ECF No. 25); *Lucia v. SEC*, 138 S. Ct. 736 (2018). When *Lucia* was decided on June 21, 2018 – more than a month before the Court's issuance of its R&R in *Mullins I* on July 24, 2018 – Mullins did not request supplemental briefing prior to the R&R, nor did she file any objections raising the issue afterwards. (*Mullins I* ECF No. 26).

Mullins' misguided attempts in her reply brief to distinguish *Johnson* and *Island Creek Coal Co.* as "not instructive" based on their procedural postures prove the point. (*See* ECF No. 17, PageID.1338). Specifically, as for *Johnson*, she argues that "the *Lucia/Carr* challenge was not raised before the Magistrate Judge and only raised in Objections to the Report and Recommendation," but that, here, "the challenge is being raised before the Magistrate Judge as evidenced by this present exchange." (ECF No. 17, PageID.1338). The problem with this argument is that it entirely overlooks that ***not only***

11

***did she fail to raise the challenge in an objection to the Court's R&R in Mullins I,*** but that even if she had done so, it would have been ***considered waived even at that time because she did not raise it in her initial motion***.  See *Johnson*, No. 20-11347, 2021 WL 3207055, at *2.  The same applies to her flawed argument that "*Island Creek Coal Co.* [] noted that the *Lucia* challenge was not raised [] until the reply brief was filed," but that the "procedural history here is distinct as the issues are being raised in active litigation." (ECF No. 17, PageID.1338).

In short, Mullins is an entire civil action too late; she needed to timely raise the Appointments Clause issue in *Mullins I*.  By not doing so, Mullins effectively concurred that there was no "constitutional error" with ALJ Burstein handling her case, and thus no need for any "cure."  *Lucia*, 138 S. Ct. at 2055.  In other words, because Mullins waived her claim to the underlying Appointments Clause violation in the May 2016 administrative proceedings, she has no basis to raise her instant claim that she was not provided with the "appropriate remedy" on remand when ALJ Burstein – now properly appointed – again presided over the administrative proceedings in 2020.

### III.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Mullins' Motion to Remand **(ECF No. 13)**, and the Commissioner's Motion for Summary Judgment **(ECF No. 16)**, be **DENIED**.

Dated: November 30, 2021           s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
