UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA M. MULLINS,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 20-13006
Honorable Victoria A. Roberts
Magistrate Judge David R. Grand

**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS [ECF No. 20]; (2) ADOPTING REPORT AND RECOMMENDATION [ECF No. 18]; (3) DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 13]; and (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 16]**

**I.    Introduction**

On November 30, 2021, Magistrate Judge David Grand filed a Report and Recommendation ("R&R"), recommending the Court DENY Plaintiff, Deanna Mullins' ("Mullins") Motion to Remand and DENY Defendant's Motion for Summary Judgment.  Mullins objects to the R&R;  Defendant does not.

For the following reasons, the Court **OVERRULES** Plaintiff's objections.  Plaintiff's Motion to Remand is **DENIED**; Defendant's Motion for

Summary Judgment is **DENIED** [ECF No.18; PageID: 7; Footnote #3]. The Court **ADOPTS** Magistrate Judge Grand's R&R.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to.  *Id*.; *see also* 28 U.S.C. § 636(b)(1)(C).  This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  *Cole v. Comm'r of Soc. Sec.,* 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

However, only specific objections which pinpoint a source of error in the report are entitled to *de novo* review.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  General objections – or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error – have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991).  Such objections are not valid, and the Court may treat them as if they were waived.  *See Bellmore-Byrne v. Comm'r of Soc. Sec*., No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id*.). Objections

"that merely reiterate [] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge" are also not valid. *See Id*.

### III. Background

<u>Mullins I</u>

Mullins filed an application for disability benefits with the Social Security Administration ("SSA"). The SSA denied it at the initial level and Mullins timely requested an administrative hearing. Administrative Law Judge ("ALJ") Lauren Burstein held the hearing and on May 27, 2016, she issued a written decision finding that Mullins was not disabled. The Appeals Council denied review of that decision. Mullins filed for judicial review of the final decision on July 5, 2017, in *Mullins v. Comm'r of Soc. Sec.*, No. 17-12180 (E.D. Mich.) ("*Mullins I*").

On July 24, 2018, Magistrate Judge Whalen issued an R&R to remand *Mullins I* for further administrative proceedings on the grounds that ALJ Burstein's decision was not supported by a medical opinion. On August 22, 2018, the Court adopted the R&R and entered judgment in favor of Mullins. Upon remand to the SSA, the Appeals Council vacated the May 27, 2016 decision.

<u>Mullins II</u>

On February 20, 2020, ALJ Burstein again held an administrative hearing on Mullins' claim and issued a written decision finding that she was not disabled on August 26, 2020.  Mullins now seeks judicial review of the August 26 decision.

On August 9, 2021, Mullins filed a Motion to Remand.  She argues that in light of the Supreme Court's decision in *Lucia v. Sec,* 138 S. Ct. 2044 (2018), her case is entitled to remand for a *de novo* administrative proceeding before a new ALJ because ALJ Burstein was not properly appointed when she heard Mullins' case on May 4, 2016 and issued her May 26, 2016 decision.

*Lucia* held that the appointment of ALJ's by lower-level staff violated the Constitution's Appointments Clause.  *Id*. at 2055.  *Lucia* also held that an ALJ who was improperly appointed for the first hearing cannot conduct the second hearing, even if she has been properly appointed by the time of the second hearing.  *Id*.  "To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which [Plaintiff] is entitled." *Id*. at 2055.  It is undisputed that ALJ Burstein's appointment did not comport with the Constitution's Appointments Clause when she held the May 4, 2016 hearing.

In the wake of *Lucia,* the director of the SSA issued an Executive Order No. 13843, 84 Fed. Reg. 32755 which properly appointed all the SSA ALJ's, including ALJ Burstein. She was properly credentialed for the February 20, 2020 hearing.

**IV.     Analysis**

Mullins has three objections to the R&R: (1) it contains inconsistent conclusions which do not support the Magistrate Judge's ultimate recommendation; (2) she did not waive or forfeit an Appointments Clause challenge; and (3) the cases cited in the R&R present different procedural postures or proceedings than this case.

Mullins' objections are interrelated; the Court addresses them jointly.

Mullins did fail to raise an Appointments Clause challenge during *Mullins I.* The remand in *Mullins I* had nothing to do with whether ALJ Burstein was properly appointed. The Court remanded the case for administrative proceedings solely because ALJ Burstein's decision was not supported with a medical opinion.

As the R&R states, the Sixth Circuit held that Appointments Clause challenges could have been brought before the *Lucia* decision was rendered on June 21, 2018. *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254 (6th Cir. 2018). The Court held that no precedent prevented such challenges and

5

the Tenth Circuit – as early as December 2016 – had held that ALJ's were inferior officers. *Id*. at 257. Moreover, Mullins had sufficient time to raise an Appointments Clause challenge in *Mullins I* through briefing <u>after</u> the *Lucia* decision (June 21, 2018) but before the R&R issued on July 24, 2018.

Mullins misinterprets the R&R. Indeed, the Motion to Remand filed on August 9, 2021 for the 2020 decision was the first time Mullins could bring her "appropriate remedy" claim. She would not have known whether the SSA would provide the appropriate *Lucia* remedy – a new ALJ – until the start of the 2020 administrative proceedings. But the request for a remedy is not the issue; it is the timing and timeliness of when Mullins brought the constitutional violation itself to the attention of a judicial officer. That did not happen until August 9, 2021.

Mullins cannot get the *Lucia* remedy for an Appointments Clause violation she never raised. [ECF No. 18, PageID.1347]. "'One who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S.Ct. at 2055 (quoting *Ryder v. United* States, 515 U.S. 177, 182-183 (1995)). The Court was not obliged to raise the challenge for Mullins in *Mullins I*, and the Court cannot grant an "appropriate remedy" for a non-existent challenge.

Mullins and the R&R are correct in that she was not required to raise this challenge during administrative proceedings, based on *Carr v. Saul*, 141 S. Ct. 1352 (2021) (holding "claimants are not required to raise an Appointments Clause claim at the administrative level in order to preserve it for review in court"). She was required to raise it during judicial proceedings. "Appointments Clause challenges are 'not jurisdictional and thus are subject to ordinary principles of waiver and forfeiture.'" *Island Creek Coal Co.,* 910 F.3d at 256 (quoting *Jones Bros.*, *Inc. v. Sec'y of Labor*, 898 F.3d 669, 678 (6th Cir. 2018)).

Mullins' objection is that "when the prior decision was vacated and remanded for further proceedings, it could not have been assumed that the same ALJ would continue adjudication of this matter [and] issue an unfavorable decision given the forthcoming continuation of administrative proceedings. Ms. Mullins could not have known – or preemptively litigated – all potential eventual arguments that might arise in future litigation." [ECF No.20, PageID.1362].

The Appointments Clause violation occurred on May 4, 2016, when ALJ Burstein conducted the hearing even though she was not properly appointed. Because Mullins did not properly preserve her constitutional right, she had no standing to demand the *Lucia* remedy. Mullins was

7

required to challenge this Appointments Clause violation at the proper stage, which was during *Mullins I.*

Failure to challenge the May 4 hearing is a waiver of that constitutional challenge. *Joseph Forrester Trucking v. Director, Office of Workers' Compensation Programs*, 987 F.3d 581, 587 (6th Cir. 2021) (holding "parties must press the argument at the proper stages as a prerequisite to obtaining subsequent review on that basis")

After *de novo* review, the Court overrules Mullins' objections. Substantial evidence exists to support the ALJ's R&R in its entirety.

## V. CONCLUSION

The Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Grand's R&R. In all instances, the Magistrate Judge accurately laid out the facts; considered the record as a whole; and his conclusions are well supported.

Mullins' Motion for Remand is **DENIED**. Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 31, 2022