UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANNA M. MULLINS,

               Plaintiff,                  Civil Action No. 20-13006

v.                                              Victoria A. Roberts
                                              United States District Judge

COMMISSIONER OF                  David R. Grand
SOCIAL SECURITY,                  United States Magistrate Judge

               Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTIONS FOR
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF Nos. 36, 38)**

**I.**       **REPORT**

       **A.**       **Procedural History**

Presently before the Court is an amended motion for attorney fees under 42 U.S.C. § 406(b) filed on February 24, 2023, by attorney Randall E. Phillips ("Phillips"), who had represented plaintiff DeAnna M. Mullins ("Mullins") on two separate suits against the Commissioner of Social Security to challenge the Commissioner's final decisions denying her application for Social Security Disability Benefits. (ECF No. 38).[1]

Mullins first filed suit on July 5, 2017, against the Commissioner in *Mullins v. Comm'r of Soc. Sec.*, No. 17-12180 (E.D. Mich.) ("*Mullins I*"), challenging the

---

[1] Earlier in the day on February 24, 2023, Phillips filed a similar fee motion (ECF No. 36) which is clearly superseded by the amended motion (ECF No. 38). Accordingly, Mullins' initial fee motion (ECF No. 36) should be denied as moot.

Commissioner's final decision denying her application for Social Security Disability Benefits. (*Mullins I*, ECF No. 1). On July 24, 2018, the Court issued a Report and Recommendation ("R&R") in *Mullins I*, recommending that the case be remanded to the ALJ for further evaluation. (*Id.*, ECF No. 26). On August 22, 2018, the Honorable Arthur J. Tarnow adopted the R&R and entered a judgment remanding the case for further consideration by the ALJ. (*Id.*, ECF Nos. 27, 28). On November 27, 2018, the Court entered a stipulated order awarding Mullins' attorney, Phillips, $6,800.00 in attorney fees pursuant to the Equal Access of Justice Act ("EAJA"). (*Id.*, ECF No. 29).

Upon remand to the Social Security Administration ("SSA") for further administrative hearings, on March 16, 2019, the Appeals Council vacated the Commissioner's final decision that was at issue in *Mullins I*, and remanded Mullins' case to the ALJ for further proceedings. (ECF No. 9, PageID.758-60). Subsequently, on August 26, 2020, the ALJ issued a written decision, finding again that Mullins is not disabled under the Social Security Act (the "August 2020 Decision"). (*Id.*, PageID.665-77).

Thus, on November 9, 2020, Mullins filed this instant action for judicial review of the ALJ's August 2020 Decision. (ECF No. 1). On August 9, 2021, Mullins filed two motions: (1) a Motion to Remand, arguing that remand for a *de novo* administrative proceeding before a new ALJ is required based on a violation of the United States Constitution's Appointments Clause, pursuant to the U.S. Supreme Court's decisions in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), and *Carr v. Saul*, 141 S. Ct. 1352 (2021), and (2) a motion to stay briefing on the merits pending resolution of the "outcome determinative *Carr/Lucia* question." (ECF Nos. 13, 14). On November 30, 2021, the Court issued a

2

R&R, recommending that Mullins' Motion to Remand be denied, and over Mullins' objections, the Honorable Victoria A. Roberts adopted the R&R. (ECF Nos. 18, 26).

Later, during the merits briefing period, on May 26, 2022, Judge Roberts entered a stipulated order to remand the instant case for further consideration by a new ALJ and entered a judgment remanding the case for further administrative action. (ECF Nos. 32, 33). On September 8, 2022, the Court entered a stipulated order awarding Phillips $7,500.00 in attorney fees pursuant to the EAJA. (ECF No. 35).

Mullins subsequently prevailed on remand, and the SSA issued a Notice of Award, dated February 1, 2023, awarding her $112,666.00[2] in past-due benefits. (ECF No. 38-3). On February 24, 2023, attorney Phillips filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the applicable fee agreements, he is entitled to attorney fees in the amount of 25% of Mullins' past-due benefits, for a total attorney fee of $28,166.50. (ECF No. 38, PageID.1506). Phillips further acknowledged that, if his motion for attorney fees is approved, he would be required to reimburse Mullins the $14,300.00 that he received in total under the EAJA for his work in both the instant case and *Mullins I*. (*Id.*, PageID.1507).

---

[2] Although the Notice of Award did not specify the exact amount of past-due benefits, it stated that the SSA "must withhold part of past-due benefits to pay an appointed representative," that it "cannot withhold more than 25 percent of past-due benefits," and that, in this case, the SSA "withheld $28,166.50 and used $7,200 to pay an authorized fee. We will still withhold $20,966.50, in case your representative asks the Federal Court to approve a fee for services before the court." (ECF No. 38-3, PageID.1537). As explained in Phillips' motion, since 25% of the past-due benefits equals $28,166.50, the full amount of past-due benefits is four times that figure, for a total of $112,666.00. (ECF No. 38, PageID.1511). The Commissioner did not dispute this calculation.

3

### B. Analysis

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Attorney Phillips is requesting $28,166.50 in attorney fees, which represents 25% of the past-due benefits awarded to Mullins ($112,666.00). Phillips has submitted contingent fee agreements for both the instant case and *Mullins I*, which are signed by himself and his client, and in which Mullins specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past-due benefits. (ECF No. 38-2, PageID.1531-32).

Contingent fee arrangements are allowed under the Social Security Act. In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)). The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others." *Id*. (quoting *Royzer,* 900 F.2d at 982).

4

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez*, 865 F.2d at 746. Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

In this case, there is no suggestion that attorney Phillips behaved improperly or was ineffective. On the contrary, Phillips achieved a very successful result for Mullins. Nor does it appear that awarding the total fee requested herein would amount to a windfall. Phillips has submitted a full log of the activities he undertook before this Court on Mullins' behalf in the instant case, which shows 34.15 hours spent (ECF No. 38-4, PageID.1547-52), as well as another 38.35 hours spent in the prior related federal court action in *Mullins I* (ECF No. 38-4, PageID.1542), for a total of 72.5 hours. Given that the amount requested from this Court is $28,166.50, the effective hourly rate for Phillips would be approximately $388.50. Awards using similar or higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, No. 08-cv-988, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although

not necessary, to consider the defendant's position as to the reasonableness of the requested fee award. *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner has not objected to the requested fee award, and thus presumably does not believe the fee requested is unreasonable.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that attorney Phillips' original Motion for Attorney Fees **(ECF No. 36)** be **DENIED AS MOOT**, his Amended Motion for Attorney Fees **(ECF No. 38)** be **GRANTED**, and that (1) attorney fees be awarded to Phillips in the amount of **$28,166.50** for work performed before this Court in connection with Mullins' Social Security appeal; and (2) Phillips be ordered to reimburse Mullins the $14,300.00 he already received under the EAJA.

Dated: April 21, 2023             s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                                                       United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2). A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2023.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager